UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 23-10030 |
| | ) | Chapter 7 |
| DEREK RASMUSSEN SHAFER | ) | |
| SSN/ITIN xxx-xx-0095 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| UNITED STATES TRUSTEE | ) | Adv. No. 24-1005 |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | DECISION RE: PLAINTIFF |
| | ) | UNITED STATES TRUSTEE'S |
| DEREK RASMUSSEN SHAFER | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Plaintiff United States Trustee's Motion for Summary Judgment (doc. 18)[1] and Debtor-Defendant Derek Rasmussen Shafer's objection (doc. 23) and amended objection (doc. 26)[2]. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Court enters these findings and conclusions pursuant to Fed.Rs.Bankr.P. 7052 and 9014(c). For the reasons discussed below, the Court denies Plaintiff's motion.

## FACTS

On June 16, 2023, Debtor-Defendant Derek Rasmussen Shafer ("Shafer") filed a chapter 7 bankruptcy.[3] On Shafer's Schedule A/B, he represented he does not own, lease or have any legal or equitable interest in any vehicles. (Bankr. doc. 1, p. 10). He disclosed he owns machinery, fixtures, equipment, supplies and tools valued

---

[1] Citations to "doc." or docket relate to filings found in the adversary number 24-1005; citations to the "Bankr. doc." or bankruptcy docket relate to those found in the main bankruptcy case number 23-10030.
[2] Defendant-Debtor has styled doc. 26 as an "amended" objection. However, the first paragraph of this document states that it "is intended to supplement" his objection.
[3] Bankr. No. 23-10030.

1

at $70,465.00, described as:

> Construction tools and equipment co-mingled and located on former girlfriend's rental property. She has refused efforts by debtor to retrieve the property items. Detailed list, value and location details on list attached hereto as Attachment 1. Estimated value.

In response to the question on Shafer's Statement of Financial Affairs asking whether he has property in a storage unit or at a place other than his home, Shafer disclosed, "Former girlfriend has my personal property items and construction business equipment at this address and refuses to allow me to get it. Her name is Jessica Osterman." He provided her address and estimated the value of the property to be $70,465.00, again referencing the list attached as Attachment 1. (Bankr. doc. 1, p. 52). Attachment 1 lists 62 entries, many of which include multiple pieces of property. (Bankr. doc. 1, pp. 55-58).

Shafer also disclosed on his Statement of Financial Affairs he was holding property owned by someone else. Specifically, he listed an "[o]lder camper-motor home" owned by Rich Kroll [sic][4] and explained: "[Shafer] is using it as a living space until he can get moved into an apartment." He also disclosed a Chevrolet C1500 truck owned by Chad Sjursom and explained: "[Shafer] is borrowing it to get back and forth to work until he can get a vehicle of his own."

Shafer did not disclose any property repossessed or foreclosed within the year prior to his bankruptcy filing. He similarly did not disclose any losses from theft, fire, other disaster or gambling, nor did he disclose any transfers of property within two years prior to filing bankruptcy.

At the meeting of creditors, Shafer testified none of his property was sold, transferred, given away or repossessed within the 90 days prior to his bankruptcy filing. He also testified he did not give any property away to a friend or relative in the two years before his bankruptcy. He affirmed he did not own any property other than that listed on his schedules.

---

[4] Debtor-Defendant identified a corrected spelling ("Croll") in Defendant's Objection to UST's Statement of Material Facts Not at Issue (doc. 23-1, ¶ 8).

2

The Court granted Shafer a discharge on September 29, 2023, and his case was closed on July 23, 2024.

In April 2024, an individual sent an email to the United States Trustee Program's bankruptcy fraud reporting address asserting Shafer concealed assets during his bankruptcy case (doc. 18-3). Following up on this tip, the United States Trustee ("UST") requested and received vehicle registration and ownership records associated with Shafer from the South Dakota Department of Motor Vehicles (DMV) (doc. 18-4, UST Ex. B). The reports supplied by the DMV identify numerous vehicles have titles or registrations associated with Shafer as of July 30, 2024, the date the DMV ran the report.

On September 23, 2024, the UST commenced this adversary proceeding against Shafer, seeking a revocation of Shafer's discharge under 11 U.S.C. §727(d)(2). The UST filed an amended complaint adding 11 U.S.C. §727(d)(1) as an additional basis for revocation. The UST asserts Shafer obtained his discharge through fraud by making false oaths in his bankruptcy and that he failed to disclose his interest in numerous vehicles on the petition date. Shafer filed an answer to the amended complaint denying the UST's allegations and seeking dismissal of the amended complaint.

The UST filed a motion for summary judgment, and Shafer opposed the motion. Specifically, Shafer states in an affidavit in support of his objection to the motion for summary judgment:

> Prior to the 3-year window of time in the Statement of Financial Affairs, I operated a construction business in the Webster, South Dakota area. That business closed in early 2020 as the result of a foreclosure action by Cortrust Bank. Cortrust Bank took possession of the business assets, to include any real estate, vehicles and equipment. Cortrust Bank held a foreclosure auction in early 2020, but the auction did not go well due to the early stages of the Covid 19 Pandemic economy. I do not know what became of any items at the bank sale that did no [sic] sell.

(doc. 23-2).

3

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a); McManemy v. Tierney, 970 F.3d 1034, 1037 (8th Cir. 2020). An issue of material fact is *genuine* if the evidence would allow the trier of fact to return a verdict for either party. Rademacher v. HBE Corp., 645 F.3d 1005, 1010 (8th Cir. 2011). A fact is *material* if it might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court considers the pleadings, discovery, and any affidavits when reviewing for summary judgment. Wood v. SatCom Mktg., LLC, 705 F.3d 823, 828 (8th Cir. 2013). The Court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Tolan v. Cotton, 572 U.S. 650, 656 (2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. at 249).

When filing a summary judgment motion, the movant has the burden to show the parts of the record that demonstrate the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Gibson v. Am. Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012). The movant meets his burden if he shows the record does not contain a genuine issue of material fact and identifies the part of the record which bears out his assertion. Handeen v. LeMaire, 112 F.3d 1339, 1346 (8th Cir. 1997). Further, "[i]f the moving party is the plaintiff, it carries the additional burden of presenting evidence that establishes all elements of the claim." Ramette v. Al & Alma's Supper Club Corp. (In re Bame), 252 B.R. 148, 154 (Bankr. D. Minn. 2000).

Once the movant has met his burden, then the burden shifts to the non-movant. Gibson v. Am. Greetings Corp., 670 F.3d at 856. The non-moving party must advance specific facts to create a genuine issue of material fact to avoid summary judgment. F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997).

However, the evidence must be viewed in the light most favorable to the party opposing the motion. Id. at 263; Amerinet, Inc. v. Xerox Corp., 972 F.2d 1483, 1490 (8th Cir. 1992) (quoting Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 587-88 (1986)). In addition, the non-moving party is entitled to all reasonable inferences that can be drawn from the evidence without resorting to speculation. P.H. v. Sch. Dist. of Kansas City, Missouri, 265 F.3d 653, 658 (8th Cir. 2001).

## II. 11 U.S.C. §727(d)(1) and (2)

In the amended complaint, the UST seeks the revocation of Shafer's bankruptcy discharge under section 727(d)(1) and (2) of the Bankruptcy Code, which provides:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee[.]

11 U.S.C. §727(d). The UST bears the burden of proving each element of section 727(d) by a preponderance of the evidence. See Doeling v. Coating Specialties, LLC (In re Toftness), 439 B.R. 499, 501 (B.A.P. 8th Cir. 2010).

To succeed on her section 727(d)(1) claim, the UST must show Shafer committed a fraud which would have barred his discharge had the fraud been known at the time of the discharge. See Jensen v. Bebeau (In re Bebeau), 2022 WL 17661134, at *4 (Bankr. D. Minn. Dec. 12, 2022); see also Johnson v. Johnson, 542 F. Appx. 536, 538 (8th Cir. 2013) ("Under §727(d)(1), if a creditor can show that a bankruptcy debtor obtained discharge through fraud and the creditor did not know of the fraud until after discharge, the court is required to revoke the bankruptcy

5

discharge.  A showing of fraud in the abstract is not sufficient, rather a creditor must establish 'that the entire discharge would not have been granted but for debtor's fraud.'") (citation omitted).  The UST may sufficiently prove fraud if she can prove the elements that would support a denial of discharge under section 727(a)(2)-(5).  See In re Bebeau, 2022 WL 17661134, at *4.  The UST must also prove she did not have knowledge of the fraud until after the Court granted Shafer's discharge. Id.

Under section 727(d)(2), the Court must revoke the discharge of a chapter 7 debtor if the debtor acquired estate property and knowingly and fraudulently failed to report the acquisition of such property or to deliver such property to the trustee.  In re Toftness, 439 B.R. at 503.  The first step is to determine if the debtor acquired property of the estate. Id.  The second step is to determine whether the debtor knowingly and fraudulently failed to report or to deliver property of the estate to the trustee. Id. at 504.

The UST asserts in its amended complaint "the UST is informed [Shafer] owned a number of pieces of property at the time of his bankruptcy filing," contrary to the information in Shafer's schedules and his testimony at the meeting of creditors.  The UST also alleges that 10 of the pieces of property are vehicles which were registered in Shafer's name but now have expired registrations.  The UST asserts Shafer withheld his interest in numerous vehicles from the bankruptcy trustee and fraudulently obtained his bankruptcy discharge by making false oaths regarding his ownership of the vehicles.[5]  The UST also alleges she did not receive information about Shafer's alleged nondisclosure of assets prior to Shafer's discharge (doc. 18-2).

In his opposition to the motion for summary judgment, Shafer denies the allegations made by the tipster who emailed the UST.  Shafer submitted his affidavit

---

[5] Under 11 U.S.C. §727(a)(4)(A), the Court must deny a debtor's discharge if the debtor knowingly and fraudulently made a false oath in connection with the bankruptcy case.  The UST also cites section 727(a)(3), which provides a basis to deny discharge for a debtor's failure to preserve records from which the debtor's financial condition might be ascertained if such failure was not justified under all the circumstances of the case (doc. 18-2).

attesting to the accuracy of the information on his bankruptcy schedules and statements and at the meeting of creditors (doc. 23-2). Further, Shafer argues in his brief the UST incorrectly interprets the report she obtained from the DMV, which Shafer characterizes as "an unreliable history of vehicle registration" and not a current record of vehicle ownership (doc. 23-4). He further asserts Rosa Yaeger, the director of the Motor Vehicle Division of the South Dakota Department of Revenue, advised Shafer's counsel that none of the vehicles in the UST's exhibit have been registered in South Dakota since 2019 and Ms. Yaeger's affidavit (doc. 26-1) states those DMV reports do not necessarily mean Shafer owns the vehicles. In Shafer's affidavit, he offers specific descriptions of the disposition of certain items and a general explanation that many of the items were auctioned at a foreclosure sale in the spring of 2020, more than two years prior to his bankruptcy filing. He also submitted an affidavit attaching a registration history from Carfax.com related to four of the vehicles identified by the UST, which he asserts shows the DMV record is only a history and "raises an abundance of questions on issues of material fact."

The Court finds genuine issues of material fact exist as to Shafer's ownership of—or acquisition of or entitlement to—the property identified by the UST and underpinning the section 727(d) claims, precluding the Court from granting the UST's motion for summary judgment.

## CONCLUSION

The UST has failed to meet her burden of showing the elements of section 727(d)(1) or (2) have been met, and genuine issues of material fact remain to be resolved. As such, the UST is not entitled to judgment as a matter of law. The Court will therefore enter an order denying the UST's motion for summary judgment, and the case will proceed to trial on September 9, 2025.

So ordered: July 25, 2025.

BY THE COURT:

Laura L. Kulm Ask
Bankruptcy Judge